IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GUIDE ONE MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff, ) vs. ) ) RICHARD HILDERBRAND and ) EUGENIA HILDERBRAND, ) ) Defendants. ) | No. 06-CV-397-TCK (SAJ) |

### ORDER

Before the Court is Defendants' Special Appearance and Motion to Dismiss (Dkt. No. 10). Therein, Defendants Richard and Eugenia Hilderbrand ("the Hilderbrands") argue that the Court should decline jurisdiction over Plaintiff Guide One Mutual Insurance Company's ("Guide One") declaratory judgment claim, which is brought pursuant to 28 U.S.C. § 2201.

### I. Background

On March 14, 2006, the Hilderbrands' house was damaged by fire. At the time of the fire, the Hilderbrands maintained a policy of homeowners insurance ("policy") with Guide One. After the fire, the Hilderbrands made a demand upon Guide One to pay policy benefits under the policy. The Hilderbrands assert that Guide One delayed payment for months while it was investigating the claim.

On July 26, 2006, previous counsel for the Hilderbrands sent a letter to Guide One, wherein counsel advised that if the Hilderbrands did not receive written confirmation by August 2, 2006 that their claim would be honored, they would proceed with litigation against Guide One. Specifically, the Hilderbrands' previous counsel stated, "If Mr. Hilderbrand does not have written confirmation that his claim for the loss to his dwelling will be honored on or before August 2nd, 2006, he will be

forced to proceed with litigation." In response, Guide One authored a denial letter on July 31, 2006, which advised the Hilderbrands that Guide One intended to rescind the policy based on alleged "material misrepresentation, omission or concealment of fact and/or incorrect statements" in the Hilderbrands' insurance application.

Also on July 31, 2006, Guide One filed the instant action, seeking a declaratory judgment that it properly rescinded the policy and/or has no duty to pay under the policy. The Hilderbrands were not informed of this filing in the letter authored by Guide One the same day. On August 31, 2006, the Hilderbrands were served summons in this action and Defendant Richard Hilderbrand filed an action against Guide One and the insurance agent who sold him the policy, Matt Neighbors, in the District Court in and for Creek County ("state court action"). In the state court action, Mr. Hilderbrand asserts claims against Guide One for breach of contract and breach of the duty of good faith and fair dealing and further claims that Mr. Neighbors was negligent during the application process for the policy. Mr. Hilderbrand seeks actual and punitive damages associated with his state court claims.

The Hilderbrands now maintain that the Court should decline jurisdiction over this declaratory judgment action and dismiss same. In support of this position, they argue that this action is incapable of settling all claims between the parties and that Guide One has engaged in "procedural fencing."

## II.     Discussion

The federal declaratory judgment statute provides "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. While this statute vests the

federal courts with power and competence to issue a declaration of rights, the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts. *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995) (citing *Public Affairs Assocs., Inc. v. Rickover,* 369 U.S. 111, 112 (1962) *and Sierra Club v. Yeutter*, 911 F.2d 1405, 1420 n.8 (10th Cir.1990)).

Assuming the district court has subject matter jurisdiction, the court should weigh various factors to determine whether or not to hear a declaratory judgment action. Such factors may include: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; (4) whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *Runyon*, 53 F.3d at 1169 (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994)).

The Hilderbrands argue that the Tenth Circuit's decision in *Runyon* is directly on point. In *Runyon*, the insured had been sued for allegedly abusing patients and requested that his insurance provider assume the defense of his case pursuant to his professional liability policy. The insured informed his insurance provider that if it would not assume his defense, he would initiate a suit in state court for breach of contract and bad faith by February 18, 1994. On February 17, 1994, the insurance provider filed a diversity action in federal court for declaratory judgment. As promised, the insured proceeded with his bad faith and breach of contract suit in state court the next day. The insured then filed a motion in federal court, arguing that the court should refrain from exercising

jurisdiction over the insurance provider's declaratory judgment action.

The Tenth Circuit affirmed the district court's decision to decline jurisdiction over the declaratory judgment action. This decision was based in part on the court's finding that the issues of the declaratory judgment action were involved in a pending state proceeding. *Runyon*, 53 F.3d at 1170. The court stated as follows:

> In resolving the insurance contract, the state court will necessarily determine rights and obligations under the contract. [The insurance provider] is seeking a declaration by the federal court that the [lawsuit filed against the insured] is not a covered claim. The issue in the federal declaratory judgment action is identical to what would be a defense to the state court contract action - whether [the] insurance contract . . . protects [the insured] from the [lawsuit filed against him]. Because the state court will determine, under state contract law, whether the tort action is covered by the insurance contract, it is not necessary for the federal court to issue a declaration on the insurance contract.

*Id.* at 1169 (citing *Brillhart v. Excess, Ins. Co.*, 316 U.S. 491, 495 (1942)). The court affirmed the district court's decision to dismiss the case, noting that "[a]lthough the federal court is not required to refuse jurisdiction, it 'should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding.'" *Runyon*, 53 F.3d at 1170 (citing *ARW Exploration Corp. v. Aguirre,* 947 F.2d 450, 454 (10th Cir. 1991) *and Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989)).

The Court agrees with the Hilderbrands that the facts of *Runyon* are virtually identical to those of the instant case, and the "rationale for the Tenth Circuit's opinion affirming the dismissal in *Runyon* specifically applies to the facts of this case."[1] (*See* Defs.' Mot. to Dismiss at p. 7.)

---

[1] The Court finds Guide One's attempts to distinguish *Runyon* unavailing. (*See* Pl.'s Resp. to Defs.' Mot. to Dismiss at p. 4.)

Similar to the declaratory action in *Runyon*, this lawsuit will not settle all the claims involved in the controversy, while resolution of the pending state court action would accomplish such a result. *See Runyon*, 53 F.3d at 1169-70 (applying first factor in determining whether to hear declaratory judgment action). The declaratory judgment action in this Court does not address the claims made against Guide One for bad faith and breach of contract, which are pending in Creek County. Nor does this action encompass the claims made against Mr. Neighbors. The state court action, on the other hand, will necessarily resolve the questions pending in the declaratory judgment action—namely, whether Guide One was justified in rescinding the policy and refusing to pay the Hilderbrands for their claim on the policy. For these reasons, the Court finds that the first, second, fourth, and fifth factors of *Runyon* support dismissal of the instant case. *See id.* at 1169. Specifically, the instant case will not settle the controversy between the parties, the instant case is of no useful purpose since it is duplicative of the state action and does not encompass all claims within this controversy, retaining this action could cause friction between this Court and the state court, and the state action provides a better forum for the resolution of all issues in this case.

Also a part of *Runyon* was consideration of whether the insurance provider had engaged in procedural fencing or "a race to *res judicata*" – the third factor listed in *Runyon*. *Id.* at 1169. As stated by the court, "[a] district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing." *Id.* (citing *Franklin Life Insur. Co. v. Johnson*, 157 F 2d 653, 656 (10th Cir. 1946)). Because the insurance provider filed suit the day before the date that the insured promised to file his state court action, the court held that the insured was "unable to show error in the district court's perception that [it] was using the declaratory judgment action for procedural fencing." *Runyon*, 53 F.3d at 1170.

Similar to *Runyon*, Guide One filed suit two days before the Hilderbrands threatened to file suit. Guide One was well-aware that the Hilderbrands intended to file suit on August 2, 2006[2] and notably failed to inform Defendants in its letter of July 31, 2006 that it was filing suit against them that very day. These facts suggest that Guide One was using the present action for the purpose of procedural fencing and engaging in a "race to *res judicata*," counseling against retaining this case. *See id.* at 1169-70.

## III. Conclusion

For the reasons stated herein, this Court exercises its discretion by declining jurisdiction and dismissing Guide One's Complaint for Declaratory Relief. Defendants' Motion to Dismiss (Dkt. No. 10) is hereby GRANTED.

**ORDERED THIS 18th DAY OF DECEMBER 2006.**

*Terence Kern*

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court finds that the delay in the Hilderbrands' filing of the pending state court action, from August 2, 2006 until August 31, 2006, is of little importance.